1 HEATHER R. ROGERS
California State Bar No. 229519
2 427 C. Street, #300
San Diego, California  92101-5008
3 Telephone: (619) 233-3169, x.16
Facsimile: (619) 684-2796
4 heather_rogers@rogersdefense.com

5 Attorney for Mr. Hernandez-Media

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

(HONORABLE JEFFREY T. MILLER)

| UNITED STATES OF AMERICA, | ) | Case No. 07cr0424-JTM |
|---|---|---|
| Plaintiff, | ) | DATE: March 28, 2008 |
| | ) | TIME: 11:00 a.m. |
| v. | ) | |
| | ) | NOTICE OF MOTIONS AND |
| JUAN HERNANDEZ-MEDIA, | ) | MOTIONS TO: |
| | ) | |
| Defendant. | ) | (1) COMPEL DISCOVERY/ |
| | ) | PRESERVE EVIDENCE; |
| | ) | AND |
| | ) | (2) GRANT LEAVE TO FILE |
| | ) | FURTHER MOTIONS |

TO:         KAREN P. HEWITT, UNITED STATES ATTORNEY.

   PLEASE TAKE NOTICE that on March 28, 2008, at 11:00 a.m., or as soon thereafter as counsel may be heard, defendant, Juan Hernandez-Media, by and through his attorney, Heather R. Rogers, will ask this Court to enter an order granting the following motions.

**MOTIONS**

   Defendant, Juan Hernandez-Media, by and through his attorney, Heather R. Rogers, asks this Court pursuant to the United States Constitution, the Federal Rules of Criminal Procedure, and all other applicable statutes, case law, and local rules for an order to:

   (1)   Compel Discovery/ Preserve Evidence; and
   (2)   Grant Leave to File Further Motions

//
//

1  These motions are based upon the instant motions and notice of motions, the attached
2  statement of facts and memorandum of points and authorities, the files and records in the above-captioned
3  matter, and any and all other materials that may come to this Court's attention prior to or during the hearing
4  of these motions.

5  Respectfully submitted,

6  DATED: March 3, 2008

*s/ Heather R. Rogers*
**HEATHER R. ROGERS**
Attorney for Mr. Hernandez-Media

7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

HEATHER R. ROGERS
California State Bar No. 229519
427 C. Street, #300
San Diego, California 92101-5008
Telephone: (619) 233-3169, x.16
Facsimile: (619) 684-2796
heather_rogers@rogersdefense.com

Attorney for Mr. Hernandez-Media

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

(**HONORABLE JEFFREY T. MILLER**)

| UNITED STATES OF AMERICA, | ) | Case No. March 23, 2008 |
| --- | --- | --- |
| Plaintiff, | ) | TIME: 11:00 a.m. |
| v. | ) | STATEMENT OF FACTS AND MEMORANDUM OF POINTS AND AUTHORITY |
| JUAN HERNANDEZ-MEDIA, | ) | |
| Defendant. | ) | |

**I.**

**BACKGROUND**

On February 20, 2008, Mr. Hernandez-Media was charged via indictment with violating 8 U.S.C. § 1326 (deported alien found in the United States). Mr. Hernandez-Media pled not guilty to all charges. Mr. Hernandez-Media has received 39 pages of discovery in this case. However, he has not yet viewed his immigration A-file or been provided with copies of his deportation tape.

These motions follow.

//
//
//
//
//

I.

**MOTION TO COMPEL DISCOVERY**

Mr. Hernandez-Media moves for the production by the government of the following discovery and for the preservation of evidence. This request is not limited to those items that the prosecutor knows of, but rather includes all discovery listed below that is in the custody, control, care, or knowledge of any government agency. See generally Kyles v. Whitley, 514 U.S. 419 (1995); United States v. Bryan, 868 F.2d 1032 (9th Cir. 1989).

(1) The Defendant's Statements. The government must disclose to Mr. Hernandez-Media all copies of any written or recorded statements made by the defendant; the substance of any statements made by the defendant that the government intends to offer in evidence at trial; any response by the defendant to interrogation; the substance of any oral statements that the government intends to introduce at trial and any written summaries of the defendant's oral statements contained in the handwritten notes of the government agent; any response to any Miranda warnings which may have been given to the defendant; as well as any other statements by the defendant. Fed. R. Crim. P. 16(a)(1)(A) and (B). The Advisory Committee Notes and the 1991 amendments to Rule 16 make clear that the government must reveal all the defendant's statements, whether oral or written, regardless of whether the government intends to make any use of those statements.

(2) Arrest Reports, Notes and Dispatch Tapes. Mr. Hernandez-Media also specifically requests that all arrest reports, notes and dispatch or any other tapes that relate to the circumstances surrounding his arrest or any questioning, if such reports have not already been produced in their entirety, be turned over to him. This request includes, but is not limited to, any rough notes, records, reports, transcripts or other documents in which statements of the defendant or any other discoverable material is contained. This is all discoverable under Fed. R. Crim. P. 16(a)(1)(A) and (B) and Brady v. Maryland, 373 U.S. 83 (1963). See also Loux v. United States, 389 F.2d 911 (9th Cir. 1968). Arrest reports, investigator's notes, memos from arresting officers, dispatch tapes, sworn statements, and prosecution reports pertaining to the defendant are available under Fed. R. Crim. P. 16(a)(1)(B), Fed. R. Crim. P. 26.2 and 12(I). Preservation of rough notes is requested, whether or not the government deems them discoverable.

(3) Brady Material. Mr. Hernandez-Media requests all documents, statements, agents' reports, and tangible evidence favorable to the defendant on the issue of guilt and/or that affects the credibility of the

1  government's case.  Impeachment as well as exculpatory evidence falls within <u>Brady's</u> definition of evidence
2  favorable to the accused.  <u>United States v. Bagley</u>, 473 U.S. 667 (1985); <u>United States v. Agurs</u>, 427 U.S. 97
3  (1976).

4          (4)  <u>Any Information That May Result in a Lower Sentence Under the Guidelines</u>.  As
5  discussed above, this information is discoverable under <u>Brady</u>, 373 U.S. 83.  This request includes any
6  cooperation or attempted cooperation by the defendant, as well as any information that could affect any base
7  offense level or specific offense characteristic under Chapter Two of the Guidelines.  Also included in this
8  request is any information relevant to a Chapter Three adjustment, a determination of the defendant's criminal
9  history, or any other application of the Guidelines.

10          (5)  <u>The Defendant's Prior Record</u>.  Evidence of prior record is available under Fed. R. Crim.
11 P. 16(D).  Counsel specifically requests a complete copy of any criminal record.

12          (6)  <u>Any Proposed 404(b) Evidence</u>.  Evidence of prior similar acts is discoverable under Fed.
13 R. Crim. P. 16(a)(1)(c) and Fed. R. Evid. 404(b) and 609.  In addition, under Fed. R. Evid. 404(b), "upon
14 request of the accused, the prosecution . . . shall provide reasonable notice in advance of trial . . . of the general
15 nature. . . ." of any evidence the government proposes to introduce under Fed. R. Evid. 404(b) at trial.
16 Mr. Hernandez-Media requests that such notice be given three weeks before trial in order to give the defense
17 time to adequately investigate and prepare for trial.

18          (7)  <u>Evidence Seized</u>.  Evidence seized as a result of any search, either warrantless or with a
19 warrant, is discoverable under Fed. R. Crim. P. 16(E).

20          (8)  <u>Request for Preservation of Evidence</u>.  Mr. Hernandez-Media specifically requests that all
21 dispatch tapes or any other physical evidence that may be destroyed, lost, or otherwise put out of the
22 possession, custody, or care of the government and which relate to the arrest or the events leading to the arrest
23 in this case be preserved.  This request includes, but is not limited to, the results of any fingerprint analysis,
24 the defendant's personal effects, the vehicle, and any other evidence seized from the defendant, or any third
25 party.  It is requested that the government be ordered to *question* all the agencies and individuals involved in
26  the prosecution and investigation of this case to determine if such evidence exists, and if it does exist to
27 inform those parties to preserve any such evidence.

28

(9) <u>Tangible Objects</u>.  Mr. Hernandez-Media requests, under Fed. R. Crim. P. 16(E) the opportunity to inspect and copy as well as test, if necessary, all other documents and tangible objects, including photographs, books, papers, documents, photographs of buildings or places or copies of portions thereof which are material to the defense or intended for use in the government's case-in-chief or were obtained from or belong to the defendant.  **Specifically Mr. Hernandez-Media requests an opportunity to view and copy the A-file and copies of the audio tapes of Mr. Hernandez-Media's alleged deportation(s).**

(10) <u>Evidence of Bias or Motive to Lie</u>.  Mr. Hernandez-Media requests any evidence that any prospective government witness is biased or prejudiced against the defendant, or has a motive to falsify or distort his or her testimony.  <u>Pennsylvania v. Ritchie</u>, 480 U.S. 39 (1987); <u>United States v. Strifler</u>, 851 F.2d 1197 (9th Cir. 1988).

(11) <u>Impeachment evidence</u>.  Mr. Hernandez-Media requests any evidence that any prospective government witness has engaged in any criminal act whether or not resulting in a conviction and whether any witness has made a statement favorable to the defendant.  <u>See</u> Fed. R. Evid. 608, 609 and 613.  Such evidence is discoverable under <u>Brady</u>, 373 U.S. 83.  <u>See</u> <u>Strifler</u>, 851 F.2d 1197 (witness' prior record); <u>Thomas v. United States</u>, 343 F.2d 49 (9th Cir. 1965) (evidence that detracts from a witness' credibility).

(12) <u>Evidence of Criminal Investigation of Any Government Witness</u>.  Mr. Hernandez-Media requests any evidence that any prospective witness is under investigation by federal, state or local authorities for any criminal conduct.  <u>United States v. Chitty</u>, 760 F.2d 425 (2d Cir. 1985).

(13) <u>Evidence Affecting Perception, Recollection, Ability to Communicate</u>.  Mr. Hernandez-Media requests any evidence, including any medical or psychiatric report or evaluation, tending to show that any prospective witness's ability to perceive, remember, communicate, or tell the truth is impaired; and any evidence that a witness has ever used narcotics or other controlled substance, or has ever been an alcoholic. <u>Strifler</u>, 851 F.2d 1197; <u>Chavis v. North Carolina</u>, 637 F.2d 213, 224 (4th Cir. 1980).

(14) <u>Witness Addresses</u>.  Mr. Hernandez-Media requests the name and last known address of each prospective government witness.  <u>See</u> <u>United States v. Napue</u>, 834 F.2d 1311 (7th Cir. 1987); <u>United States v. Tucker</u>, 716 F.2d 576 (9th Cir. 1983) (failure to interview government witnesses by counsel is ineffective); <u>United States v. Cook</u>, 608 F.2d 1175, 1181 (9th Cir. 1979) (defense has equal right to talk to witnesses). Mr. Hernandez-Media also requests the name and last known address of every witness to the crime

or crimes charged (or any of the overt acts committed in furtherance thereof) who will *not* be called as a government witness. United States v. Cadet, 727 F.2d 1453 (9th Cir. 1984).

(15) <u>Name of Witnesses Favorable to the Defendant</u>. Mr. Hernandez-Media requests the name of any witness who made any arguably favorable statement concerning the defendant or who could not identify him or who was unsure of his identity, or participation in the crime charged. Jackson v. Wainwright, 390 F.2d 288 (5th Cir. 1968); Chavis, 637 F.2d at 223; Jones v. Jago, 575 F.2d 1164, 1168 (6th Cir.), cert. denied, 439 U.S. 883 (1978); Hudson v. Blackburn, 601 F.2d 785 (5th Cir. 1979), cert. denied, 444 U.S. 1086 (1980).

(16) <u>Statements Relevant to the Defense</u>.  Mr. Hernandez-Media requests disclosure of any statement that may be "relevant to any possible defense or contention" that he might assert. United States v. Bailleaux, 685 F.2d 1105 (9th Cir. 1982).

(17) <u>Jencks Act Material</u>.  The defense requests all material to which Mr. Hernandez-Media is entitled pursuant to the Jencks Act, 18 U.S.C. § 3500, reasonably in advance of trial, including dispatch tapes.  A verbal acknowledgment that "rough" notes constitute an accurate account of the witness' interview is sufficient for the report or notes to qualify as a statement under § 3500(e)(1). Campbell v. United States, 373 U.S. 487, 490-92 (1963).

(18) <u>Giglio Information</u>.   Pursuant to Giglio v. United States, 405 U.S. 150 (1972), the defendant requests all statements and/or promises, expressed or implied, made to any government witnesses, in exchange for their testimony in this case, and all other information that could arguably be used for the impeachment of any government witnesses.

(19) <u>Reports of Scientific Tests or Examinations</u>.  Pursuant to Fed. R. Crim. P. 16(F), the defendant requests the reports of all tests and examinations conducted upon the evidence in this case, including, but not limited to, any fingerprint testing done upon any evidence seized in this case, that is within the possession, custody, or control of the government, the existence of which is known, or by the exercise of due diligence may become known, to the attorney for the government, and that are material to the preparation of the defense or are intended for use by the government as evidence in chief at the trial.

(20) <u>Henthorn Material</u>.  Mr. Hernandez-Media requests that the prosecutor review the personnel files of the officers involved in his arrest, and those who will testify, and produce to him any exculpatory information at least two weeks prior to trial and one week prior to the motion hearing. See

1  <u>United States v. Henthorn</u>, 931 F.2d 29 (9th Cir. 1991).  In addition, he requests that if the government is
2  uncertain whether certain information is to be turned over pursuant to this request, that it produce such
3  information to the Court in advance of the trial and the motion hearing for an *in camera* inspection.

4          (21) <u>Informants and Cooperating Witnesses</u>.  Mr. Hernandez-Media requests disclosure of the
5  names and addresses of any informants or cooperating witnesses used or to be used in this case.  The
6  government must disclose the informant's identity and location, as well as disclose the existence of any other
7  percipient witness unknown or unknowable to the defense.  <u>Roviaro v. United States</u>, 353 U.S. 53, 61-62
8  (1957).  Mr. Hernandez-Media also requests disclosure of any information indicating bias on the part of any
9  informant or cooperating witness.  <u>Giglio v. United States</u>, 405 U.S. 150 (1972).  Such information would
10 include what, if any, inducements, favors, payments, or threats were made to the witness to secure cooperation
11 with the authorities.

12         (22) <u>Expert Witnesses</u>.  Pursuant to Fed. R. Crim. P. 16(a)(1)(G), Mr. Hernandez-Media
13 requests a written summary of the expert testimony that the government intends to use at trial, including a
14 description of the witnesses' opinions, the bases and the reasons for those opinions, and the witnesses'
15 qualifications.

16         (23) <u>Residual Request</u>.  Mr. Hernandez-Media intends by this discovery motion to invoke his
17 rights to discovery to the fullest extent possible under the Federal Rules of Criminal Procedure and the
18 Constitution and laws of the United States.  This request specifically includes all subsections of Rule 16.
19 Mr. Hernandez-Media requests that the government provide him and his attorney with the above requested
20 material sufficiently in advance of trial.

21         **III.**

22         **REQUEST FOR LEAVE TO FILE FURTHER MOTIONS**

23         Due to outstanding discovery issues, Mr. Hernandez-Media requests leave to file further
24 motions.  To date, Mr. Hernandez-Media has received only 39 pages of discovery in this case.  However he
25 has not yet been provided with the information necessary for evaluating potential deportation issues, namely
26 his A-file and deportation tapes.  Review of this discovery is necessary to determine whether this case may
27 be resolved without motions and trial and, if not, what motions are appropriate.
28 //

### IV.
### **CONCLUSION**

1
2
3    For the foregoing reasons Mr. Hernandez-Media respectfully requests that the Court grant
4 the above motions.

   Respectfully submitted,

   *s/ Heather R. Rogers*
7 DATED: March 3, 2008  **HEATHER R. ROGERS**
   Attorney for Juan Hernandez-Media